[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS IN ARREST OF JUDGMENT, FOR JUDGMENT NOT WITHSTANDING THE VERDICT, TO SET ASIDE THE VERDICT AND JUDGMENT THEREON, OR REMITTITUR (MOTIONS #313-316)
This case was tried to a conclusion before a jury and on March 13, 1998 a plaintiff's verdict was entered on the plaintiff's verdict form in the sum of $4,327,145.00 against the defendants. CT Page 11107
The instant motions were dated July 28, 1998. In those motions three specific grounds are relied on as the basis for the court to grant the motions. The court finds that the motions in arrest of judgment, for judgment not withstanding the verdict, to set aside the verdict and judgment thereon should be denied and the remittitur should be granted. Except for the remittitur, the court finds the verdict is not against the evidence and further finds the verdict is not contrary to the law, that at best the issues raised in the motions are issues that may properly be raised on appeal.
The litigants have a right to have factual issues resolved by the jury. A trial court is not to sit as a seventh juror, but rather to decide whether viewing the evidence in the light most favorable to the prevailing party the jury could reasonably have reached the verdict it did. Except for the remittitur, the court finds the jury could reasonably have reached the verdict and the amount found. Except for the remittitur, the amount falls within the necessarily uncertain limits of fair and reasonable damages. Except for the remittitur, the court finds there was no error in any of the items claimed by the defendants in their motions as to the law, the charge and the jury interrogatories.
On September 11, 1998, the parties entered into an agreement on the record regarding a remittitur and the award of attorneys' fees. The parties have agreed to a remittitur in the above captioned matter in the amount of $13,369.86 and an attorneys' fees award to the plaintiff of $333,333.33. Therefore, the court orders a remittitur of $13,369.86 and orders the verdict be reduced by said amount to $4,313,775.14. The court further awards the plaintiff's attorneys' fees of $333,333.33.
Mintz, J.